UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COIM USA, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-02736-E |
| SJOBRAND, INC., | § § § | |
| *Defendant.* | § | |

**PLAINTIFF COIM USA, INC.'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE ADA BROWN, UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Coim USA, Inc. ("Coim"), and files its Motion for Summary Judgment on all claims asserted against Defendant SjoBrand, Inc. ("SjoBrand"). In support, Coim states as follows:

**SUMMARY**

This is a diversity jurisdiction case whereby Coim asserts Texas state law claims for breach of contract, sworn account, quantum meruit, and attorney's fees. Coim, a New Jersey corporation, sold polyurethane prepolymers for cast elastomers ("polyurethane products") to SjoBrand, a Texas corporation. From May 2021 to July 2021, Coim and SjoBrand maintained an open account. SjoBrand made several orders for specific quantities of polyurethane products at fixed prices. Coim delivered the products SjoBrand ordered to SjoBrand's Ennis, Texas facility before receiving payment. SjoBrand accepted and kept most of the polyurethane products (with the exception of certain goods it returned and with proper credit applied). Coim sent SjoBrand invoices detailing the purchase quantities, price, amount owed, and payment terms. SjoBrand, although aware of the balance owed to Coim and Coim's expectation for payment, failed to make any payments for the

1

polyurethane products and owes Coim a balance of $305,920.00. SjoBrand also ignored Coim's August 30, 2021 demand for payment or return of any unused goods along payment of the balance.

Coim now sues SjoBrand for breach of contract, sworn account, quantum meruit, and attorney's fees. *See* ECF No. 1, ¶¶ 5–25. Coim asserts that SjoBrand made orders for polyurethane products; accepted, used, and enjoyed the goods; and failed to pay for them. Coim further asserts that SjoBrand's failure to make any payments entitles Coim to recover damages for the balance owed and attorney's fees.

Coim now moves for final summary judgment asserting that there are no genuine issues of material fact, and Coim is entitled to judgment as a matter of law on its breach of contract, sworn account, quantum meruit, and attorney's fees claims. In accordance with Local Rule 56.3(a)(1), Coim is entitled to summary judgment for the following reasons:

### Breach of Contract Claim

- Coim is entitled to summary judgment on all elements of its breach of contract claim under the Uniform Commercial Code. SjoBrand admits, and Coim's summary judgment evidence shows, that there exists a contract between Coim and SjoBrand for the sale of polyurethane products.

- In accordance with the parties' contract, SjoBrand made orders for goods, Coim delivered the goods to SjoBrand, and SjoBrand accepted the goods.

- When payment became due, SjoBrand failed to tender payment to Coim at the contract rate. Therefore, Coim is entitled to recover the balance owed for the polyurethane products.

### Sworn Account Claim

- Coim is entitled to summary judgment on all elements of its sworn account claim. SjoBrand admits, and Coim's summary judgment evidence demonstrates, that Coim and SjoBrand maintained an open account for the sale and delivery of polyurethane products.

- Coim offered the products at a specific price, and SjoBrand accepted the price by ordering specific quantities. Coim also credited SjoBrand's account for all returned product. The amount of the account is, therefore, just.

- After SjoBrand ignored Coim's invoices, the purchase price in the amount of $305,920.00 remains unpaid on the account.

### Quantum Meruit Claim

- Alternatively, Coim is entitled to summary judgment on all elements of its quantum meruit claim. Specifically, SjoBrand admits, and Coim's summary judgment evidence establishes, that Coim furnished valuable goods to SjoBrand.

- Further, SjoBrand accepted the polyurethane products and used and enjoyed them.

- SjoBrand had notice that Coim expected to receive payment for the goods but failed to furnish payment.

### Attorney's Fees Claim

- Under Texas law, because Coim is entitled to judgment in its favor on its breach of contract and sworn account claims, Coim is entitled to recover its reasonable attorney's fees.

Coim's arguments and authorities asserted in support of this Motion are contained in a Brief in Support filed simultaneously with this Motion. Coim is also filing an Appendix of Evidence in Support of its Motion for Summary Judgment, which is incorporated herein by reference.

### PRAYER

For the foregoing reasons, which are more fully articulated in Coim's Brief in Support, Plaintiff Coim USA, Inc., respectfully prays that the Court grant summary judgment on its claims against Defendant SjoBrand, Inc., grant recovery for the amount due and owed to Coim, award Coim recovery for its attorney's fees, and for such other and further relief, general or special, at law or in equity, to which Coim may show itself to be justly entitled.

Respectfully submitted,

/s/ *Oleg V. Nudelman*
OLEG V. NUDELMAN
onudelman@thompsonhorton.com
State Bar No. 24099473

KEISHA N. CRANE
kcrane@thompsonhorton.com
State Bar No. 24100288

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

JERROLD S. KULBACK
jkulback@archerlaw.com
*Admitted Pro Hac Vice*

**ARCHER & GREINER, P.C.**
Three Logan Square, Suite 3500
1717 Arch Street
Philadelphia, PA 19103
(215) 246-3162 – Telephone
(215) 963-9999 – Facsimile

*Attorneys for Plaintiff Coim USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served upon all counsel of record via the Court's electronic filing system on this 12th day of August, 2022.

Paul Hammer
Charles Murnane
Barron & Newburger PC
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
phammer@bn-lawyers.com
cmurnane@bn-lawyers.com

/s/ *Oleg V. Nudelman*
OLEG V. NUDELMAN