IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COIM USA, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-02736-E |
| | § | |
| SJOBRAND, INC., | § | |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFF COIM USA, INC.'S
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

---

Respectfully submitted,

/s/ *Oleg V. Nudelman*
OLEG V. NUDELMAN
onudelman@thompsonhorton.com
Texas State Bar No. 24099473

KEISHA N. CRANE
kcrane@thompsonhorton.com
Texas State Bar No. 24100288

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

JERROLD S. KULBACK
jkulback@archerlaw.com
*Admitted Pro Hac Vice*

**ARCHER & GREINER, P.C.**
Three Logan Square, Suite 3500
1717 Arch Street
Philadelphia, PA 19103
(215) 246-3162 – Telephone
(215) 963-9999 – Facsimile

*Attorneys for Plaintiff Coim USA, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. iii

I.      OVERVIEW ........................................................................................................1

II.     SUMMARY OF THE ARGUMENT .................................................................1

III.    STATEMENT OF FACTS ..................................................................................2

IV.     STANDARD OF REVIEW .................................................................................5

V.      ARGUMENTS AND AUTHORITIES................................................................6

        A.      The Court should grant Coim summary judgment on its breach of
                contract claim because SjoBrand purchased and received goods from
                Coim, owes Coim payment, and failed to pay for the goods ...................6

        B.      Summary judgment is proper on Coim's sworn account claim
                because Coim offered SjoBrand goods at a certain price and SjoBrand
                ordered specific quantities of the goods and failed to pay for them .....................8

        C.      Summary judgment is warranted on Coim's quantum meruit claim
                because Coim provided goods to SjoBrand, expected to be paid for
                those goods, and reasonably notified SjoBrand of its expectation for
                payment, yet SjoBrand failed to pay for the goods received ................................10

        D.      Coim is entitled to recover attorney's fees under Texas law ................................13

VI.     CONCLUSION...................................................................................................14

CERTIFICATE OF SERVICE ......................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*,
　343 F.3d 401 (5th Cir. 2003) ..................................................................................6

*Amador v. Wolfe*,
　No. 20-50646, 2021 WL 3889305 (5th Cir. Aug. 30, 2021) (per curiam) ...............7

*Armstrong v. Am. Home Shield Corp.*,
　333 F.3d 566 (5th Cir. 2003) ..................................................................................5

*B.J. Tidwell Indus., Inc. v. Diversified Home Prod., Inc.*,
　No. SA-06-CA-0264 FB NN, 2007 WL 3377184 (W.D. Tex. Nov. 11, 2007),
　*report & recommendation adopted*, 2008 WL 559546 (W.D. Tex. Jan. 29, 2008)................14

*Boudreaux v. Swift Transp. Co., Inc.*,
　402 F.3d 536 (5th Cir. 2005) ...............................................................................5, 6

*In re Carney*,
　258 F.3d 415 (5th Cir. 2001) ..................................................................................7

*Celotex Corp. v. Cattrett*,
　477 U.S. 317 (1986)................................................................................................5

*Crisalli v. ARX Holding Corp.*,
　177 F. App'x 417 (5th Cir. 2006) .........................................................................13

*Forage Genetics Int'l, LLC v. Kelly Green Mexicana, Inc*.,
　No. 2:17-CV-243-D-BR, 2019 WL 3802021 (N.D. Tex. June 17, 2019),
　*report & recommendation adopted*, No. 2:17-CV-243-Z-BR, 2019 WL
　5068583 (N.D. Tex. Oct. 9, 2019) ..........................................................................8

*Guardian Life Ins. Co. v. Kinder*,
　663 F. Supp. 2d 544 (S.D. Tex. 2009) ..............................................................13, 14

*Hill v. Shamoun & Norman LLP*,
　544 S.W.3d 724 (Tex. 2018)..................................................................................11

*Hutton Commc'ns, Inc. v. Commc'n Infrastructure Corp.*,
　461 F. Supp. 3d 400 (N.D. Tex. 2020) ..............................................................8, 11

*J.D. Fields & Co., Inc. v. U.S. Steel Int'l, Inc.*,
　426 F. App'x 271 (5th Cir. 2011) ...........................................................................7

*Livingston Ford Mercury, Inc. v. Haley*,
　997 S.W.2d 425 (Tex. App.—Beaumont 1999, no pet.) .........................................9

*Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia*,
    No. G-12-304, 2014 WL 12616099 (S.D. Tex. Nov. 24, 2014),
    *aff'd*, 817 F.3d 241 (5th Cir. 2016) ................................................................12

*Mat-Wah Int'l Enter., Ltd. v. Enmon Accessories, LLC*,
    No. 4:12-CV-412, 2013 WL 12120263 (E.D. Tex. Mar. 11, 2013) ......................10

*Michels Corp. v. EMS USA, Inc.*,
    No. 4:16-CV-02340, 2017 WL 6498339 (S.D. Tex. Dec. 15, 2017)...............13, 14

*Morris v. Covan World Wide Moving, Inc.*,
    144 F.3d 377 (5th Cir. 1998) ................................................................................6

*Operating Tech. Elecs., Inc. v. Generac Power Sys., Inc.*,
    No. 4:12-CV-345-Y, 2014 WL 11498165 (N.D. Tex. Mar. 11, 2014),
    *aff'd*, 589 F. App'x 292 (5th Cir. 2015) (per curiam).............................................6

*Operating Tech. Elecs., Inc. v. Generac Power Sys., Inc.*,
    No. 4:13-CV-871-A, 2014 WL 4960136 (N.D. Tex. Oct. 2, 2014) ........................8

*Ramsey v. Henderson*,
    286 F.3d 264 (5th Cir. 2002) ................................................................................6

*Rhodes v. Guiberson Oil Tools*,
    75 F.3d 989 (5th Cir. 1996) ..............................................................................5, 6

*Robbins Hardwood Flooring, Inc. v. Bolick Distribs. Corp.*,
    No. 3:02-CV-1124-H, 2003 WL 21436499 (N.D. Tex. June 12, 2003), *report
    & recommendation adopted*, 2003 WL 21518078 (N.D. Tex. June 24, 2003) ......13

*Robbins Hardwood Flooring, Inc. v. Bolick Distribs., Corp.*,
    No. 3:02-CV-1124-H, 2003 WL 21730142 (N.D. Tex. Mar. 18, 2003),
    *aff'd*, 79 F. App'x 81 (5th Cir. 2003) (per curiam)..............................................10

*Structural Metals, Inc. v. S & C Elec. Co.*,
    590 F. App'x 298 (5th Cir. 2014) (per curiam) ....................................................13

*Sunbelt Mach. Works Corp. v. All Am. CNC Sales, Inc.*,
    No. H-09-0108, 2009 WL 2761670 (S.D. Tex. Aug. 26, 2009)............................14

*Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.*,
    219 F. App'x 375 (5th Cir. 2007) (per curiam) .....................................................8

*Union Pac. R.R. Co. v. Innovative Logistics Servs.*,
    No. H-03-5434, 2005 WL 2897379 (S.D. Tex. Nov. 3, 2005)..............................12

*Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*,
    787 S.W.2d 942 (Tex. 1990)................................................................................11

iv

*Wells v. Minn. Life Ins. Co.*,
    885 F.3d 885 (5th Cir. 2018) .......................................................................6

*Wiley v. State Farm Fire & Cas. Co.*,
    585 F.3d 206 (5th Cir. 2009) .......................................................................5

*Worldwide Recyclers, Inc. v. Advanced Env't Recycling Techs., Inc.*,
    No. H-09-2904, 2010 WL 3937368 (S.D. Tex. Oct. 6, 2010) ...........................9, 10

*WWinners Container Servs. Inc. v. CMA CGM (Am.) LLC*,
    No. H-09-1756, 2010 WL 1995400, 1 (S.D. Tex. May 17, 2010).........................12

## Statutes and Other Authorities

Tex. Bus. & Com. Code § 2.101 ...............................................................1, 6, 7, 8

Tex. Bus. & Com. Code § 2.102 ..........................................................................6

Tex. Bus. & Com. Code § 2.105(a) .......................................................................7

Tex. Bus. & Com. Code § 2.606(a)(2) ..................................................................7

Tex. Bus. & Com. Code § 2.607(a) .......................................................................7

Tex. Bus. & Com. Code § 2.709(a)(1) ..................................................................7

Tex. Civ. Prac. & Rem. Code § 38.001(7) ..........................................................13

Tex. Civ. Prac. & Rem. Code § 38.001(8) ..........................................................13

Tex. Civ. Prac. & Rem. Code § 38.002 ...............................................................13

Tex. Civ. Prac. & Rem. Code § 38.002(1) ..........................................................14

Tex. Civ. Prac. & Rem. Code § 38.002(2) ..........................................................14

Tex. Civ. Prac. & Rem. Code § 38.003 ...............................................................13

Fed. R. Civ. P. 36(a)(3)........................................................................................7

Fed. R. Civ. P. 56(c) ............................................................................................5

## I.    OVERVIEW

From May 2021 through July 2021, Plaintiff Coim USA, Inc. ("Coim") sold polyurethane prepolymers for cast elastomers ("polyurethane products") to SjoBrand, Inc. ("SjoBrand"). Over that period, SjoBrand made several product orders and received and accepted delivery of goods at its Ennis, Texas facility. Coim sent SjoBrand several invoices with either net 30 or net 60-days payment terms. SjoBrand, however, never made any payments for the products it accepted and kept. On August 30, 2021, Coim sent SjoBrand a demand for full immediate payment or return of any unused products along with payment of the balance due. After credit for certain returns, SjoBrand owes Coim an unpaid balance of $305,920.00.

On November 3, 2021, Coim filed suit against SjoBrand in this Court, under diversity jurisdiction, asserting state law claims for breach of contract, sworn account, quantum meruit, and attorney's fees. Coim alleges that: 1) SjoBrand ordered specific quantities of goods at specific prices; 2) Coim sold and delivered the goods to SjoBrand; 3) SjoBrand accepted, used, and enjoyed the goods; 4) Coim credited SjoBrand's account for all goods returned; and 5) all invoices Coim sent to SjoBrand remain unpaid. Coim seeks summary judgment on all of its claims and to recover the amount due and owing for the goods sold and its attorney's fees. Contemporaneously with the filing of this Brief, Coim is filing an Appendix of Summary Judgment Evidence which it fully incorporates herein.

## II.    SUMMARY OF THE ARGUMENT

Coim is entitled to summary judgment on its breach of contract claim under the Uniform Commercial Code ("UCC"). By failing to respond to Com's Requests for Admissions, SjoBrand admits that it purchased and received polyurethane products from Coim, returned some of the goods and received an appropriate credit, owes an outstanding balance, and failed to tender

payment. Furthermore, Coim's summary judgment evidence establishes a contract for the sale goods, delivery and acceptance of the goods, and SjoBrand's failure to pay the balance owed. Likewise, summary judgment is also warranted on Coim's sworn account claim. Coim and SjoBrand maintained an open account whereby SjoBrand made orders for goods and Coim delivered the goods before receiving payment. Coim sent SjoBrand detailed invoices outlining purchase quantities, price, amount due, and payment terms. Coim also credited SjoBrand's account for any and all products returned. SjoBrand admits as such, to owing all balances due, and to failure to pay for the purchased goods. Because Coim is entitled to judgment as a matter of law on its contract and sworn account claims, Coim is also entitled to recover its reasonable attorney's fees under Texas law.

Alternatively, Coim is entitled to summary judgment on its quantum meruit claim. SjoBrand admits that it accepted, used, and enjoyed polyurethane products sold by Coim yet failed to pay for them. SjoBrand further admits that it had reasonable notice that Coim expected to be paid for its products. The summary judgment evidence reflects SjoBrand's admissions and the balance due to Coim.

### III.    STATEMENT OF FACTS

Coim develops, produces, and sells chemical specialty products. App. 1, ¶ 2; App. 3, ¶ 3. On or around May 6, 2021, Lynn Webster, then-Vice President of Operations for SjoBrand, communicated with Darren Johnson, a Coim Sales Manager, about SjoBrand's conveyor roller business and to express interest in purchasing polyurethane products from Coim as a component for SjoBrand's conveyor roller manufacturing needs. App. 1–2, ¶ 4. In particular, Webster informed Johnson that SjoBrand had just signed a contract to supply Amazon.com Inc.'s ("Amazon") distribution centers with conveyor rollers. *See id.* Webster also told Johnson that

SjoBrand supplied conveyor rollers to Dallas Fort Worth International Airport ("DFW Airport") and Honeywell International Inc. ("Honeywell"). *See id.*

Beginning in May 2021, Coim and SjoBrand began a business relationship and Coim sold and delivered polyurethane products to SjoBrand in accordance with Webster's orders. *See* App. 1, ¶ 3; App. 3–4, ¶¶ 3–4; App. 8–20; App. 28, ¶ 8; App. 31–36, Nos. 1–33. Specifically, Webster placed the following purchase orders with Coim:

- May 10, 2021: 20,500 pounds of polyurethane products, at a cost of $44,275.00, with payment due on June 9, 2021. *See* App. 4, ¶ 5.a; App. 8; App. 28, ¶ 8; App. 31, No. 1.

- May 21, 2021: 1,800 pounds of polyurethane products, at a cost of $3,870.00, with payment due on June 20, 2021. *See* App. 4, ¶ 5.b; App. 9; App. 28, ¶ 8; App. 31, No. 4.

- May 21, 2021: 26,800 pounds of polyurethane products, at a cost of $57,620.00, with payment due on June 20, 2021. *See* App. 4, ¶ 5.c; App. 10; App. 28, ¶ 8; App. 32, No. 7.

- June 1, 2021: 38,000 pounds of polyurethane products, at a cost of $82,075.00, with payment due on July 1, 2021. *See* App. 4, ¶ 5.d; App. 11; App. 28, ¶ 8; App. 32, No. 10.

- June 3, 2021: 29,500 pounds of polyurethane products, at a cost of $63,425.00, with payment due on July 3, 2021. *See* App. 4, ¶ 5.e; App. 12; App. 28, ¶ 8; App. 33, No. 13.

- June 11, 2021: 28,200 pounds of polyurethane products, at a cost of $61,710.00, with payment due on July 11, 2021. *See* App. 4, ¶ 5.f; App. 13; App. 28, ¶ 8; App. 33, No. 16.

- June 18, 2021: 12,700 pounds of polyurethane products, at a cost of $28,885.00, with payment due on July 18, 2021. *See* App. 5, ¶ 5.g; App. 14; App. 28, ¶ 8; App. 34, No. 19.

- June 21, 2021: 13,400 pounds of polyurethane products, at a cost of $31,370.00, with payment due on August 20, 2021. *See* App. 5, ¶ 5.h; App. 15; App. 28, ¶ 8; App. 34, No. 23.

- June 25, 2021: 1,764 pounds of polyurethane products, at a cost of $5,292.00, with payment due on August 24, 2021. *See* App. 5, ¶ 5.i; App. 16; App. 28, ¶ 8; App. 34, No. 25.

- July 2, 2021: 8,500 pounds of polyurethane products, at a cost of $19,125.00, with payment due on August 1, 2021. *See* App. 5, ¶ 5.j; App. 17; App. 28, ¶ 8; App. 35,

No. 28.

- July 2, 2021: 25,000 pounds of polyurethane products, at a cost of $56,250.00, with payment due on August 31, 2021. *See* App. 5, ¶ 5.k; App. 18; App. 28, ¶ 8; App. 35, No. 31.

In accordance with SjoBrand's orders, from May through July 2021, Coim delivered polyurethane products with a total cost of $453,897.00 to SjoBrand's Ennis, Texas facility. *See* App. 4–5, ¶ 5; App. 28, ¶ 8; App. 36, No. 34. SjoBrand received and accepted the goods at the time of each delivery and did not, at any time, provide Coim with a notice of rejection. App. 5, ¶ 6; *see also* App. 28, ¶ 8; App. 31–36, Nos. 1–33. In July and September 2021, SjoBrand made two returns of certain goods to Coim, with a total value of $147,977.00. *See* App. 5, ¶ 7; App. 19–20; App. 28, ¶ 8; App. 36, No. 35. SjoBrand, however, never made a single payment to Coim for any polyurethane products it purchased, accepted, and kept. App. 6, ¶ 9; App. 21 *see also* App. 28, ¶ 8; App. 36, No. 37; App. 38, No. 51.

With credit for the products that SjoBrand returned, the balance due and owed to Coim is $305,920.00. App. 6, ¶ 8; *see* App. 21; App. 28, ¶ 8; App. 36, No. 39. SjoBrand has failed to pay that balance. App. 6, ¶ 9; *see* App. 28, ¶ 8; App. 36, No. 37. On August 30, 2021, Coim sent a letter to SjoBrand demanding immediate payment or return of any unused product. App. 22–23, ¶ 4; App. 24–26. The letter also expressed Coim's belief that SjoBrand intentionally misrepresented its contracts with Amazon, DFW Airport, and Honeywell to induce Coim to provide SjoBrand with polyurethane prepolymers for cast elastomers. App. 24–26. SjoBrand did not respond to Coim's demand. Nor did SjoBrand furnish any payments to Coim toward the balance due.

On November 3, 2021, Coim was forced to file this lawsuit to recover the money that is long overdue and owed for the goods it sold to SjoBrand. After SjoBrand answered the Complaint on December 17, 2021, Coim served SjoBrand with written discovery requests on May 25, 2022,

including Requests for Admissions, Interrogatories, and Requests for Production. App. 28, ¶ 6. SjoBrand's deadline to respond to Coim's discovery requests was June 24, 2022. *Id.* SjoBrand requested and Coim agreed to extend the response deadline to July 24, 2022. SjoBrand, however, failed to respond to any of the discovery requests by that extended deadline, including Requests for Admissions, and did not request an additional extension or otherwise communicate with Coim. *Id.*, ¶ 8.

## IV.    STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings . . . together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). If the movant bears the burden of proof on a claim, he or she must establish every essential element of that claim. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 322–23 (1986). A fact is material only if its resolution would affect the outcome of the action and an issue is genuine only if the evidence is sufficient for a reasonable jury to return a verdict for the nonmovant. *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (citations omitted).

When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). The burden then shifts to the nonmovant to present evidence sufficient to establish the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323–24. To rebut the evidence set forth by the movant, a nonmovant must show a conflict in substantial evidence that would create a jury question. *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996). "Substantial evidence" is defined as

"evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id.* All factual controversies are to be resolved in favor of the nonmovant, but only where there is an actual controversy, where both parties have submitted evidence of contradictory facts. *Boudreaux*, 402 F.3d at 540. Conclusory allegations, speculation, or unsubstantiated assertions will not satisfy the nonmovant's summary judgment burden. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). Instead, the nonmovant "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of [his] case*." Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

## V.    ARGUMENTS AND AUTHORITIES

### A.    The Court should grant Coim summary judgment on its breach of contract claim because SjoBrand purchased and received goods from Coim, owes Coim payment, and failed to pay for the goods.

Summary judgment is proper on Coim's breach of contract claim because SjoBrand accepted the polyurethane products from Coim and failed to tender payment. Under Texas law, a plaintiff establishes a breach of contract claim by showing: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) (citations omitted). When the contract is for the sale of goods, the Uniform Commercial Code controls the conduct of the parties. *Operating Tech. Elecs., Inc. v. Generac Power Sys., Inc.*, No. 4:12-CV-345-Y, 2014 WL 11498165, at *4 (N.D. Tex. Mar. 11, 2014), *aff'd*, 589 F. App'x 292 (5th Cir. 2015) (per curiam); *see also* TEX. BUS. & COM. CODE § 2.102 (the UCC "applies to transactions in goods"). "Where the UCC applies, it displaces all common law rules of law regarding breach of contract and substitutes instead those rules of law

and procedures set forth in the UCC." *J.D. Fields & Co., Inc. v. U.S. Steel Int'l, Inc.*, 426 F. App'x 271, 276 (5th Cir. 2011).

Under the UCC, "[t]he buyer must pay at the contract rate for any goods accepted." TEX. BUS. & COM. CODE § 2.607(a). The buyer accepts the goods when after a reasonable opportunity to inspect them the buyer does not make an effective rejection. TEX. BUS. & COM. CODE § 2.606(a)(2). When the buyer fails to pay the price as it becomes due, the seller may recover the price of goods accepted. TEX. BUS. & COM. CODE § 2.709(a)(1).

The UCC applies because this dispute concerns Coim's sale of polyurethane products to SjoBrand. Polyurethane products constitute a "good" because they are things that are movable at the time of identification to the contract for sale. *See* TEX. BUS. & COM. CODE § 2.105(a). Here, SjoBrand admits that it purchased and received polyurethane products valued at $453,897.00.[1] App. 36, No. 34. Sjobrand further admits that it returned some of the goods and received an appropriate $147,977.00 credit. *See id.* at Nos. 35–36. And SjoBrand admits that payment has since become due for the balance it owes Coim in the amount of $305,920.00, but it failed to tender payment. *See id.* at Nos. 37–39; App. 58, No. 51. Coim's summary judgment evidence confirms that SjoBrand has failed to make any payment to Coim toward the balance SjoBrand owes for the products it purchased. *See* App. 5–6, ¶¶ 6, 8–9; App. 21.

It is undisputed that SjoBrand failed to pay Coim for goods it purchased and accepted; therefore, Coim is entitled to summary judgment on its claim under the UCC. For example, the court granted summary judgment to the plaintiff in a commercial non-payment case where it was

---

[1]    SjoBrand made this admission and the other admissions referred to in this Motion by failing to respond to Coim's Requests for Admissions. *See* FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); App. 28, ¶¶ 6–8. "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted." *Amador v. Wolfe*, No. 20-50646, 2021 WL 3889305, at *3 (5th Cir. Aug. 30, 2021) (per curiam) (quoting *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)).

undisputed that the defendant accepted the goods sold by the plaintiff and that an unpaid invoice for the goods was due and owing. *See Forage Genetics Int'l, LLC v. Kelly Green Mexicana, Inc*., No. 2:17-CV-243-D-BR, 2019 WL 3802021, at *3 (N.D. Tex. June 17, 2019), *report & recommendation adopted*, No. 2:17-CV-243-Z-BR, 2019 WL 5068583 (N.D. Tex. Oct. 9, 2019) (plaintiff was entitled to summary judgment on its UCC claims because "[t]here is no genuine issue of material fact with respect to [defendant's] acceptance of the [goods] and the outstanding balance of the invoice"); *see also Operating Tech. Elecs., Inc. v. Generac Power Sys., Inc.*, No. 4:13-CV-871-A, 2014 WL 4960136, at *3–5 (N.D. Tex. Oct. 2, 2014) (summary judgment granted on breach of contract claim when it was undisputed that plaintiff sold and delivered battery chargers that defendant accepted and did not pay for). Similarly, the court also granted summary judgment in a commercial non-payment case where the defendant received the goods, the invoices stated a net 60 payment term, and the defendant did not dispute that payment was due within 60 days from the date on the invoice. *Hutton Commc'ns, Inc. v. Commc'n Infrastructure Corp.*, 461 F. Supp. 3d 400, 406 (N.D. Tex. 2020) (the defendant "clearly breached its contract . . . when it failed to pay for goods it received, at the very latest, 60 days after accepting those goods"). Here, likewise, there is no genuine issue of material fact with respect to Coim's claim against SjoBrand under the UCC, and judgment should be entered in Coim's favor.

**B.    Summary judgment is proper on Coim's sworn account claim because Coim offered SjoBrand goods at a certain price and SjoBrand ordered specific quantities of the goods and failed to pay for them.**

Under Texas law, a plaintiff establishes a cause of action on a sworn account by showing: "(1) a sale and delivery of the goods; (2) ... the amount of the account is just ...; and (3) that ... amount is unpaid." *Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.*, 219 F. App'x 375, 377 (5th Cir. 2007) (per curiam) (citations omitted). An open account allows for "crediting and debiting through multiple transactions, extending over a period of time." *Id.* "[C]harges are considered

'just' if 'the prices are charged in accordance with an agreement.'" *Worldwide Recyclers, Inc. v. Advanced Env't Recycling Techs., Inc.*, No. H-09-2904, 2010 WL 3937368, at *1 (S.D. Tex. Oct. 6, 2010) (quoting *Livingston Ford Mercury, Inc. v. Haley*, 997 S.W.2d 425, 430 (Tex. App.–Beaumont 1999, no pet.)).

Coim and SjoBrand were involved in buying and selling polyurethane products, and Coim kept a systematic record of their dealings. Specifically, SjoBrand admits it made several product orders for specified quantities at specified prices. *See* App. 31–36, Nos. 1–33. SjoBrand further admits that it received and accepted all of the purchased products and did not, at any time, make any payments to Coim. *See id*; App. 37, No. 43; App. 38, No. 51. SjoBrand admits that it returned some of the products to Coim and received credit for them. *See* App. 36, Nos. 35–36. SjoBrand also admits to receiving multiple invoices for the purchased products, not paying all balances due, and still owing Coim $305,920.00. *See* App. 31–36, Nos. 1–33, 37, 39. Coim's summary judgment evidence further demonstrates that Coim and SjoBrand maintained an open account whereby, from May 2021 to July 2021, Coim and SjoBrand executed several transactions for polyurethane products, which Coim offered at a specific price and SjoBrand accepted by ordering specific quantities. *See* App. 4–5, ¶¶ 4–6; App. 8–18. SjoBrand received the goods before making any payments and also received credits for returned product. *See* App. 4–5, ¶¶ 4–7; App. 19–21. Although Coim has sent multiple invoices, SjoBrand has not made any payments that are due. *See* App. 4–6, ¶¶ 4, 6, 8–9; App. 21.

Accordingly, Coim's account was just and true and allowed offsets, payments, and credits, and remains unpaid, warranting summary judgment in Coim's favor. For example, the court granted summary judgment on a seller's sworn account counterclaim where the seller showed that: (1) the buyer ordered a certain amount of material; (2) the seller delivered the material to the buyer

and placed the charges on an open account; and (3) the seller sent invoices to the buyer that were not paid. *See Worldwide Recyclers*, 2010 WL 3937368, at *1 (granting summary judgment on sworn account where seller sold and delivered goods to buyer, agreement evidenced prices were just, and the purchase price remained unpaid). Similarly, the court found plaintiffs were entitled to summary judgment on their sworn account claim when they provided purchase orders and invoices that stated the purchase price of each item ordered and the quantity of goods and provided evidence that allowed the defendant to calculate the amounts remaining unpaid. *Mat-Wah Int'l Enter., Ltd. v. Enmon Accessories, LLC*, No. 4:12-CV-412, 2013 WL 12120263, at *10 (E.D. Tex. Mar. 11, 2013) (plaintiffs entitled to summary judgment when there was no dispute that the parties had an open account, plaintiffs shipped goods to the defendant, invoices evidenced the purchase amounts and prices, and there was enough information to determine the remaining balance owed by the defendant); *see also Robbins Hardwood Flooring, Inc. v. Bolick Distribs., Corp.*, No. 3:02-CV-1124-H, 2003 WL 21730142, at *3 (N.D. Tex. Mar. 18, 2003), *aff'd*, 79 F. App'x 81 (5th Cir. 2003) (per curiam) (summary judgment granted when plaintiff submitted invoices showing each transaction of delivered goods and an affidavit stating the defendant had not paid for the goods). SjoBrand's admissions and Coim's summary judgment evidence establish its sworn account claim and show that there is no genuine issue of material fact. Therefore, Coim is entitled to summary judgment on its sworn account claim.

**C.    Summary judgment is warranted on Coim's quantum meruit claim because Coim provided goods to SjoBrand, expected to be paid for those goods, and reasonably notified SjoBrand of its expectation for payment, yet SjoBrand failed to pay for the goods received.**

If the Court determines that a written agreement does not govern Coim and SjoBrand's dealings, Coim alternatively asserts a claim for quantum meruit for its sales of polyurethane

products to SjoBrand.[2] Summary judgment is proper on Coim's quantum meruit claim because Coim provided goods to SjoBrand, expected to be paid for them, reasonably notified SjoBrand of its expectation for payment, and SjoBrand failed to pay Coim. Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *See Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). A plaintiff's right to recover under the theory of quantum meruit is independent of any contract. *See id*. The plaintiff must show that: "(1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) those services and materials were accepted by the person sought to be charged, and were used and enjoyed by him; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged." *Hill v. Shamoun & Norman LLP*, 544 S.W.3d 724, 732–33 (Tex. 2018). Damages in a quantum meruit claim are the reasonable value of the materials furnished. *See id.*

Coim's summary judgment evidence shows that SjoBrand is aware that it owes Coim $305,920.00 for the goods it received and failed to pay for. First, SjoBrand admits that it accepted, used, and enjoyed the products delivered by Coim and valued at $453,897.00 (before credits for returned goods). App. 37, No. 43. SjoBrand further admits that at its request, Coim delivered the products to its Ennis, Texas facility. *See* App. 31–36, Nos. 1–33. SjoBrand also admits that it had reasonable notice that Coim expected to be compensated for its products. *See id.*; App. 37, No. 42. More specifically, from May 2021 to July 2021, Coim delivered a net amount of polyurethane

---

[2]        If the Court grants summary judgment on Coim's breach of contract claim, the Court need not reach the merits of Coim's quantum meruit claim. *See Hutton Commuc'ns*, 461 F. Supp. 3d at 406 ("Because the court is granting summary judgment in favor of Hutton on Hutton's breach of contract claim, the court need not reach the merits of Hutton's claim for recovery under a theory of quantum meruit."). If the Court, however, determines that a valid contract does not exist between the parties, Coim requests consideration of its quantum meruit claim in the alternative.

products to SjoBrand valued at $305,920.00, which SjoBrand accepted, kept, used, and enjoyed. *See* App. 6, ¶ 8; App. 36, No. 39. Over the course of their business dealings, Coim provided SjoBrand with invoices for its purchases that stated net-30 or net-60-day payment terms. SjoBrand failed to make any payments for the goods it received. *See* App. 4, 6, ¶¶ 4, 9; App. 8–18; App. 31–36, Nos. 1–33, 37; App. 38, No. 51. On August 30, 2021, Coim sent SjoBrand a letter demanding either immediate full payment or return of any unused product along with payment of the balance due. *See* App. 22–23, ¶ 4; App. 24–26. SjoBrand failed to respond to the letter or pay the balance owed to Coim, in the amount of $305,920.00. *See* App. 6, ¶¶ 8–9; App. 21.

For these reasons, Coim is entitled to summary judgment on its quantum meruit claim. For example, the court granted summary judgment when a defendant admitted to accepting freight shipping services and owing the plaintiff for the value of those services. *Union Pac. R.R. Co. v. Innovative Logistics Servs.*, No. H-03-5434, 2005 WL 2897379, at *3–4 (S.D. Tex. Nov. 3, 2005) (finding plaintiff entitled to partial summary judgment on its sworn account claim, or in the alternative, its quantum meruit claim). Likewise, the court found that the undisputed summary judgment evidence established the plaintiff's quantum meruit claim when the plaintiff (1) rendered valuable storage services (2) at the defendant's request (3) for containers that the defendant had delivered to the plaintiff's Houston yard (4) under circumstances giving reasonable notice that the plaintiff expected to be compensated for its storage services. *WWinners Container Servs. Inc. v. CMA CGM (Am.) LLC*, No. H-09-1756, 2010 WL 1995400, at *10–11 (S.D. Tex. May 17, 2010); *see also Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia*, No. G-12-304, 2014 WL 12616099, at *1–2 (S.D. Tex. Nov. 24, 2014), *aff'd*, 817 F.3d 241 (5th Cir. 2016) (undisputed summary judgment evidence showed unpaid invoices for work and services with terms and conditions for payment). Here, likewise, the evidence establishes that Coim delivered goods to

SjoBrand which SjoBrand kept, used, and enjoyed without paying for them, despite Coim providing SjoBrand with reasonable notice of its expectation to be paid. The Court should therefore grant Coim summary judgment on its quantum meruit claim if it finds no valid contract exists.

**D.    Coim is entitled to recover attorney's fees under Texas law.**

In this case, because Texas law supplies the rule of decision, it also "controls both the award of and the reasonableness of fees awarded." *Michels Corp. v. EMS USA, Inc.*, No. 4:16-CV-02340, 2017 WL 6498339, at *4 (S.D. Tex. Dec. 15, 2017). Section 38.001 of the Texas Civil Practice and Remedies Code specifically provides for the recovery of attorney's fees in sworn account and breach of contract cases. *See Structural Metals, Inc. v. S & C Elec. Co.,* 590 F. App'x 298, 304 (5th Cir. 2014) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 38.001(8)); *see also Robbins Hardwood Flooring, Inc. v. Bolick Distrib. Corp.*, No. 3:02-CV-1124-H, 2003 WL 21436499, at *2 (N.D. Tex. June 12, 2003*), report & recommendation adopted*, 2003 WL 21518078 (N.D. Tex. June 24, 2003) (quoting TEX. CIV. PRAC. & REM. CODE § 38.001(7)). The award of attorney's fees under section 38.001 is mandatory when the plaintiff prevails on its claim and recovers damages. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 421 (5th Cir. 2006) (citation omitted). The plaintiff must be represented by counsel and "must present the claim to the opposing party" to recover attorney's fees under section 38.001. TEX. CIV. PRAC. & REM. CODE § 38.002. While the trial court "has the discretion to determine the appropriate amount of attorney's fees," *Crisalli*, 177 F. App'x at 421, the prevailing party's fees are presumed reasonable when it "proves the usual and customary attorneys' fees for the claim." *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp. 2d 544, 560 (S.D. Tex. 2009) (citing TEX. CIV. PRAC. & REM. CODE § 38.003).

As set forth in detail above, Coim is entitled to summary judgment on its breach of contract claim. Judgment and recovery in Coim's favor on that claim entitles it to also recover its reasonable

attorney's fees. *See Michels Corp.*, 2017 WL 6498339, at *4 (court granted summary judgment on breach of contract claims and ordered the prevailing party to recover attorney's fees and costs); *Sunbelt Mach. Works Corp. v. All Am. CNC Sales, Inc.*, No. H-09-0108, 2009 WL 2761670, at *5 (S.D. Tex. Aug. 26, 2009) ("Because the court has concluded that Sunbelt is entitled to summary judgment on its breach of contract claim, the court also concludes that Sunbelt is entitled to an award of attorney's fees."); *Kinder*, 663 F. Supp. 2d at 560 (finding that "Guardian is entitled to attorney fees under the statute because it is the prevailing party in this action and is entitled to recover actual damages on its breach of contracts claim"). Alternatively, Coim may also recover its attorney's fees because it is entitled to judgment as a matter of law on its sworn account claim. *See B.J. Tidwell Indus., Inc. v. Diversified Home Prod., Inc.*, No. SA-06-CA-0264 FB NN, 2007 WL 3377184, at *8 (W.D. Tex. Nov. 11, 2007), *report & recommendation adopted*, 2008 WL 559546 (W.D. Tex. Jan. 29, 2008) ("Because Cardell has shown that it is entitled to summary judgment on its action for sworn account, it is entitled to summary judgment on its claim for attorney's fees.").

Prior to initiating this lawsuit, Coim perfected its claim for attorney's fees under Texas law when in August 2021 Coim's counsel sent a demand for payment and presented its claims to SjoBrand. *See* TEX. CIV. PRAC. & REM. CODE § 38.002(1), (2); App. 22–23, ¶ 4; App. 24–25. SjoBrand did not pay the full amount due within thirty days of Coim's demand or any time since. *See* App. 6, ¶¶ 8–9; App. 21. Accordingly, Coim requests that the Court enter judgment in its favor on its claim for attorney's fees and allow Coim to submit evidence to the Court of its reasonable attorney's fees incurred in prosecuting this action.

## VI.    CONCLUSION

The Court should grant summary judgment on all Coim's claims against SjoBrand because

14

there are no fact issues as to any element of any claim. At bottom, SjoBrand ordered specific quantities of goods at a price certain from Coim, received the goods, accepted them, and kept them, but failed to pay. The $305,920.00 balance due is undisputed, and Coim is entitled to judgment in that amount. And because summary judgment is warranted on Coim's breach of contract and sworn account claims, Coim is also entitled to recover its reasonable attorney's fees. For these reasons, Coim USA, Inc. respectfully asks the Court to grant its Motion for Summary Judgment on all claims.

Respectfully submitted,

*/s/ Oleg V. Nudelman*
OLEG V. NUDELMAN
onudelman@thompsonhorton.com
State Bar No. 24099473
KEISHA N. CRANE
kcrane@thompsonhorton.com
State Bar No. 24100288

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8991 – Facsimile

JERROLD S. KULBACK
jkulback@archerlaw.com
*Admitted Pro Hac Vice*

**ARCHER & GREINER, P.C.**
Three Logan Square, Suite 3500
1717 Arch Street
Philadelphia, PA 19103
(215) 246-3162 – Telephone
(215) 963-9999 – Facsimile

*Attorneys for Plaintiff Coim USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served upon all counsel of record via the Court's electronic filing system on this 12th day of August, 2022.

Paul Hammer
Charles Murnane
Barron & Newburger PC
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
phammer@bn-lawyers.com
cmurnane@bn-lawyers.com

*/s/ Oleg V. Nudelman*
OLEG V. NUDELMAN

16