IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COIM USA INC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Civil Action No. 3:21-CV-02736-E |
| SJOBRAND INC, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (Plaintiff's Motion). (Doc. 25). After considering the motion, the record of summary judgment evidence, and applicable law, the Court finds that Plaintiff's Motion should be, and therefore is, GRANTED.

### I.   BACKGROUND

This is a breach of contract case in which Plaintiff seeks to recover (i) the amount due and owing for goods sold and (ii) attorney's fees. Plaintiff is a company that develops, produces, and sells chemical specialty products. (Doc. 27 at 4-10). Plaintiff and Defendant entered into agreements for the sale and purchase of polyurethane products. (Doc. 27 at 6-8). Between May 2021 and July 2021, Defendant ordered and received $453,897.00 in polyurethane products from Plaintiff. (Doc. 27 at 7-8). Between July 2021 and September 2021, Defendant returned $147,977.00 in the received polyurethane products to Plaintiff. (Doc. 27 at 8). "With credit for the products that [Defendant] returned, the balance due and owed to Plaintiff is $305,920.00." (Doc. 27 at 9). Defendant has not paid for any polyurethane products it purchased, accepted, and kept. (Doc. 27 at 9).

Plaintiff initiated this litigation on November 3, 2021, asserting counts for breach of contract, suit on sworn account, and quantum meruit. (Doc. 1 at 2-4). Plaintiff moved for summary judgment on each of its claims and for attorney's fees. (Doc. 25) Plaintiff submitted summary judgment evidence—including (i) a declaration from Darren Johnson, a sales manager with Plaintiff; (ii) a declaration from David Joseph, the chief financial officer of Plaintiff; (iii) several invoices to Defendant; (iv) a demand letter from Plaintiff to Defendant for amounts outstanding; (v) unanswered requests for admission to Defendant during litigation; and (vi) correspondence between the Parties' counsel. (Doc. 27). Defendant did not respond to Plaintiff's Motion at any time and has not submitted any summary judgment evidence. These issues are now ripe for consideration.

## II.   LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505. A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150, 120 S. Ct. 2097; *Anderson*, 477 U.S. at 254-55, 106 S.Ct. 2505.

The moving party bears the initial burden of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted).

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party . . . only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

### B.  Effect Of Failing to Respond to Summary Judgment

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57, 106 S. Ct. 2513–14). The Fifth Circuit has explained:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. . . . "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

*Ragas*, 136 F.3d at 458.

Nevertheless, "[t]he failure to submit evidence in response to a summary judgment motion does not permit a court to enter a 'default' summary judgment." *Potasznik v. McGee*, 3:16-CV-155-L, 2019 WL 859579, at *2 (N.D. Tex. Feb. 22, 2019) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Indeed,

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3). In other words, "[a] court is allowed . . . to accept the movant's facts as undisputed when there is no competent evidence to refute or oppose the summary judgment." *Potasznik*, 2019 WL 859579, at *2 (citing *Eversley*, 843 F.2d at 174). In *Eversley*, the Fifth Circuit affirmed the trial court's grant of summary judgment—explaining:

> [T]he district court accepted as undisputed the facts so listed in support of MBank's motion for summary judgment. In our opinion, the district court acted properly in doing so and, *since Eversley made no opposition to the motion, the court did not err in granting the motion as MBank's submittals made a prima facie showing of its entitlement to judgment*.

*Eversley*, 843 F.2d at 174 (emphasis added).

### III.   ANALYSIS

**A.  Breach of Contract**

Plaintiff's first two counts relate to breach of contract. Under Texas law, the elements for a breach of contract are:

(1) a valid contract exists;
(2) the plaintiff performed or tendered performance as contractually required;
(3) the defendant breached the contract by failing to perform or tender performance as contractually required; and
(4) the plaintiff sustained damages due to the breach.

*Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Texas has adopted the Uniform Commercial Code (UCC) in its Business and Commerce Code. *See* TEX.

BUS. & COM. CODE ANN. § 2.102 *et seq*. "'[W]hen parties enter into a contract for the sale of goods, Chapter 2 of the Texas Business and Commerce Code controls the conduct of the parties.'" *Operating Tech. Elecs., Inc. v. Generac Power Sys., Inc.*, No. 4:12-CV-345-Y, 2014 WL 11498165, at *4 (N.D. Tex. Mar. 11, 2014), *aff'd*, 589 F. App'x 292 (5th Cir. 2015) (quoting *Glenn Thurman, Inc. v. Moore Constr., Inc.* 942 S.W.2d 768, 771 (Tex. App.—Tyler 1997, no pet.) (internal bracketed clarification omitted); *see also* TEX. BUS. & COM. § 2.102 ("[T]his chapter applies to transactions in goods[.]"). As the *Generac Power* court further explained:

> "Where the U.C.C. applies, it displaces all common law rules ... regarding breach of contract and substitutes instead those rules of law and procedure set forth in the U.C.C." *Glenn Thurman*, 942 S.W.2d at 771. "However, common law principles of law and equity continue to supplement its provisions." *J.D. Fields & Co*, 426 Fed. Appx. at 276.

*Generac*, 2014 WL 11498165, at *4.

Under the UCC, "[t]he buyer must pay at the contract rate for any goods accepted." TEX. BUS. & COM. § 2.607(a). "Goods" are defined as, *inter alia*, "all things . . . which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid[.]" TEX. BUS. & COM. § 2.105(a). "Acceptance of goods occurs when the buyer . . . after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity[.]" TEX. BUS. & COM. § 2.606(a)(1).[1] "When the buyer fails to pay the price as it becomes due the seller may recover . . . the price of goods accepted[.]" TEX. BUS. & COM. § 2.709(a)(1).

---

[1] Texas law allows a buyer to revoke acceptance of a good if the good was accepted without knowledge of the nonconformity and acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurance. *Baker Hughes Process & Pipeline Servs., L.L.C. v. UE Compression, L.L.C.*, 938 F.3d 661, 667 (5th Cir. 2019) (internal quotation omitted).

Here, the record shows and it is undisputed that (i) Plaintiff and Defendant entered a valid contract—through several purchase orders for polyurethane products; (ii) the polyurethane products constituted "goods"[2]; (iii) Plaintiff performed by tendering polyurethane products to Defendant; (iv) Defendant accepted and kept a portion of the polyurethane products priced at $305,920.00; and (v) Defendant failed to pay the price of $305,920.00 for the polyurethane product goods that Defendant kept. (Doc. 27 at 4-24). The record shows Defendant's failure to pay for the polyurethane products it kept was a breach of the contract, and Plaintiff made demand for payment for the polyurethane products from Defendant. (Doc. 27 at 25-29, 55-56). Because of Defendant's failure to pay, the record shows Plaintiff sustained damages in the amount of $305,920.00. After review of the record, the Court has found no evidence that would raise a genuine issue of material fact as to any of Plaintiff's breach of contract assertions.[3]

Here, Plaintiff has established, beyond peradventure, all of the essential elements of its breach of contract claim to warrant judgment in its favor. *See Fontenot*, 780 F.2d at 1194. Courts in the Northern District have granted summary judgment and corresponding affirmative relief in similar situations involving breach of contract for the sale of goods. *See, e.g.*, *Operating Tech. Elecs., Inc. v. Generac Power Sys., Inc.*, No. 4:13-CV-871-A, 2014 WL 4960136, at *4 (N.D. Tex. Oct. 2, 2014) (granting summary judgment on breach of contract claims under the UCC in favor of movant seller when it was undisputed that buyer accepted battery chargers, payment for the battery chargers became due, and buyer did not pay the total price for the battery chargers). Having

---

[2] *See* TEX. BUS. & COM. § 2.105(a) (defining "goods").

[3] Indeed, Defendant directs us to no evidence that would controvert or raise a genuine issue of material fact as to Plaintiff's breach of contract assertions. Defendant's failure to respond, object, or otherwise submit evidence to oppose Plaintiff's Motion permits the Court to accept—as undisputed—the facts so listed in support of Plaintiff's Motion. *Eversley*, 843 F.2d at 174.

demonstrated each element for breach of contract and met corresponding requirements under the UCC, the Court GRANTS Plaintiff's motion for summary judgment as to its breach of contract claim.

### B. Suit on Sworn Account

As pled and briefed, Plaintiff's suit on sworn account claim is based under Texas common law. (Doc. 1 at 2-3; Doc. 26 at 13-15).[4] Under Texas law, the elements for a common law action on a sworn account are: "(1) there was a sale and delivery of the merchandise or performance of the services; (2) the amount of the account is just, that is, that the prices were charged in accordance with an agreement, or in the absence of an agreement, they are usual, customary, and reasonable prices for that merchandise or services; and (3) the amount is unpaid." *Noodlenet, LP v. Proctor & Gamble Distrib. LLC*, No. 3:08-CV-1121-K, 2008 WL 11349984, at *2 (N.D. Tex. Nov. 11, 2008) (citing *Adams v. H & H Meat Prods. Inc.*, 41 S.W.3d 762, 773 (Tex. App.—Corpus Christi 2001, no pet.). "[A]n open account [allows] for crediting and debiting through multiple transactions, extending over a period of time." *Sunshine Traders of El Paso, Inc. v. Dolgencorp*, Inc., 219 F. App'x 375, 377 (5th Cir. 2007).

Here, the record demonstrates (i) Plaintiff sold polyurethane products to Defendant; (ii) Plaintiff charged Defendant for the polyurethane products through several invoices; (iii) the polyurethane products were delivered to Defendant; and (iv) the amount for the polyurethane products Defendant kept—as invoiced—is unpaid. (Doc. 27 at 4-24). Defendant has offered no

---

[4] Plaintiff has not moved for suit on sworn account under "procedural" suit on sworn account—based in Texas Rule of Civil Procedure 185. *See* Tex. R. Civ. P. 185; *Scott v. Wollney*, No. 3:20-CV-2825-M-BH, 2021 WL 4202169, at *12 (N.D. Tex. Aug. 28, 2021), *report and recommendation adopted*, No. 3:20-CV-2825-M-BH, 2021 WL 4197208 (N.D. Tex. Sept. 14, 2021) ("In Texas, a plaintiff can file a suit on a sworn account under Texas Rule of Civil Procedure 185 or as an independent common law action. Rule 185 is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery.") (internal quotation omitted).

evidence that would raise a genuine issue of material fact as to any of these elements. Thus, Plaintiff has established, beyond peradventure, all of the essential elements of its common law suit on sworn account claim to warrant judgment in its favor. *See Fontenot*, 780 F.2d at 1194. Accordingly, the Court GRANTS Plaintiff's motion for summary judgment as to Plaintiff's Texas common-law suit on sworn account claim.

### C. Quantum Meruit

Plaintiff's briefing concedes its quantum meruit claim is an alternative claim to its breach of contract claims. (Doc. 26 at 15-16). Having granted Plaintiff's summary judgment as to its breach of contract and suit on sworn account claims, the Court need not reach this quantum meruit claim.

### D. Attorney's Fees

Plaintiff's pleadings and motion for summary judgment request recovery of its attorney's fees. (Doc. 1 at 4, Doc. 26 at 18-19). Plaintiff specifically seeks attorney's fees in accordance with Texas Civil Practice and Remedies Code § 38.001, which provides, in pertinent part:

> A person may recover reasonable attorney's fees from an individual or organization other than a quasi-governmental entity authorized to perform a function by state law, a religious organization, a charitable organization, or a charitable trust, in addition to the amount of a valid claim and costs, if the claim is for: ... (8) an oral or written contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). Under Texas law, the award of attorney's fees is discretionary. *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 288 (5th Cir. 1974); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000) (discussing the same in declaratory judgment context). However, attorney's fees are mandatory "[i]f a party prevails in his or her breach of contract claim and recovers damages." *Kona Tech.*, 225 F.3d at 603 (citing *Green Int'l,*

*Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). Texas Civil Practice and Remedies Code § 38.002 describes the procedure for recovery of attorney's fees as follows:

> To recover attorney's fees under this chapter:
> (1) the claimant must be represented by an attorney;
> (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and
> (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

TEX. CIV. PRAC. & REM. § 38.002.

Here, Plaintiff has prevailed in its breach of contract and suit on sworn account claims and shall recover monetary damages. The record further demonstrates that Plaintiff has followed the procedure for recovery of attorney's fees under Texas Civil Practice and Remedies Code § 38.002—(i) Plaintiff is represented by an attorney; (ii) Plaintiff presented the claim to Defendant, including by demand letter; and (iii) to date, Defendant has made no payment for the just amount owed. *See* TEX. CIV. PRAC. & REM. § 38.002. To that end, the Court GRANTS Plaintiff's request for attorney's fees and ORDERS Plaintiff to submit evidence to the Court of its reasonable attorney's fees incurred in prosecuting this action.

### IV. CONCLUSION

For the reasons enumerated above, the Court GRANTS Plaintiff's motion for summary judgment as to its breach of contract and suit on sworn account claims. The Court does not reach Plaintiff's alternative quantum meruit claim. The Court GRANTS Plaintiff's request for attorney's fees in accordance with Texas Civil Practice and Remedies Code § 38.001 and ORDERS Plaintiff to submit evidence to the Court—within thirty days of the date of this memorandum opinion and order—of its reasonable attorney's fees incurred in prosecuting this action. The Court shall determine Plaintiff's reasonable attorney's fees, thereafter. The Court shall enter a final judgment

awarding Plaintiff (i) $305,920.00 in damages for its breach of contract and suit on sworn account claims and (ii) an amount to be determined for its reasonable attorney's fees.

**SO ORDERED.**

21st day of March, 2023.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE