IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COIM USA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2736-E |
| | § | |
| SJOBRAND INC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Coim USA, Inc. has filed an Application for Attorneys' Fees Relating to Motion to Compel Post-Judgment Discovery Responses. *See* Dkt. No. 52 (the "Fees Application").

Defendant Sjobrand, Inc. has not filed a response, and its deadline to do so has long since passed.

The Court now grants the Application for Attorneys' Fees Relating to Motion to Compel Post-Judgment Discovery Responses [Dkt. No. 52]. *See* Dkt. No. 55; *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

### **Background**

The Court granted in part and denied in part Plaintiff Coim USA, Inc.'s Motion To Compel Post-Judgment Discovery Responses [Dkt. No. 45]. *See* Dkt. No. 48.

The Court also apportioned expenses under Federal Rule of Civil Procedure 37(a)(5)(C) by requiring Defendant Sjobrand, Inc. to pay Plaintiff Coim USA, Inc. its reasonable attorneys' fees and costs incurred in preparing and filing its Motion To Compel Post-Judgment Discovery Responses [Dkt. No. 45] and the appendix [Dkt. No. 46] in support. *See* Dkt. No. 51. The Court provided that Coim's "fee application may also include a request for recovery of the fees incurred in preparing and filing this fee application itself." *Id.*

## Legal Standard

"Reasonable attorneys' fees are determined through a two-step process." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (cleaned up).

"The district court must first calculate the lodestar – the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (cleaned up). "The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.*

The hours remaining are those reasonably expended, and "[t]he lodestar is presumed reasonable." *Fessler*, 23 F.4th at 415 (cleaned up). But, as a second step, "after calculating the lodestar, a district court may enhance or decrease the amount

of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. And, "once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Fessler*, 23 F.4th at 416.

## Analysis

In its Fees Application, Coim seeks "to recover its reasonable attorneys' fees incurred in preparing and filing its Motion to Compel Post-Judgment Discovery Responses and the Appendix in support of that Motion, ECF Nos. 45 and 46, as well as attorneys' fees incurred in preparing and filing this Application itself." Dkt. No. 52 at 1.

Coim explains that its "counsel at Thompson & Horton LLP (including paralegals and legal assistants) collectively spent 10 hours on preparation of the Motion to Compel and the Appendix in support of that Motion, ECF Nos. 45 and 46, and the preparation of this Application"; that "[c]ounsel have charged Coim reasonable hourly rates for this work"; and that, "[b]ased on the standard lodestar method, Coim now seeks to recover a total of $2,767.50 in attorneys' fees relating to preparing the Motion to Compel and this Application." Dkt. No. 52 at 2.

Coim seeks to recover fees for a total of 10 hours of work performed by attorneys Oleg Nudelman (at an hourly rate of $340) and Emily Adams (at an hourly rate of $225), for a total of $2,767.50 ((4.5 hours at $340.00/hour = $1,530.00)

+ (5.5 hours at $225.00/hour = $1,237.50)).

First, the billing statement attached to the Declaration of Oleg Nudelman substantiates that Coim was charged $2,172.50 for these attorneys' time in connection with the motion to compel, which the Court finds to have been reasonably spent on these tasks and necessary for the successful motion and to obtain the relief that Coim requested and obtained. And the Declaration of Oleg Nudelman explains that Mr. Nudelman spent 1.75 hours on the Fees Application, at his hourly rate of $340, resulting in additional fees of $595.

Second, considering these professionals' experience and the local market rates, the Court finds that their respective requested hourly rates are all reasonable. *See* Dkt. No. 52 at 4-5 of 8. The rates charged by both attorneys are consistent with or below Dallas area market rates for attorneys with similar experience, skill, and ability handling this type of litigation. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

Accordingly, based on the Fees Application and the supporting documents, the undersigned finds the appropriate lodestar here to be calculated as a total fee of $2,767.50 for a total of 10 hours of work consisting of 1) 4.5 house by attorney Oleg Nudelman at an hourly rate of $340, for a total of $1,530.00 and 2) 5.5 hours by attorney Emily Adams at an hourly rate of $225, for a total of $1,237.50.

Coim does not seek an enhancement of the attorneys' fees, and there are no

other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

## Conclusion

For the reasons explained above, the Court grants Plaintiff Coim USA, Inc.'s Application for Attorneys' Fees Relating to Motion to Compel Post-Judgment Discovery Responses [Dkt. No. 52] and awards Plaintiff Coim USA, Inc. $2,767.50 for attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(C), to be paid by Defendant Sjobrand, Inc.

SO ORDERED.

DATED: September 18, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE